**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

|  |  |
|---|---|
| VINCENTE NAVARRO-HERNANDEZ,<br><br>       Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | No. C06-4003-MWB<br><br>**ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

I. *INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A. *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B. *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    A. *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 6
    B. *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 8
    C. *Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# I. INTRODUCTION AND BACKGROUND

## A. Procedural Background

On May 20, 2004, a single count indictment was returned charging petitioner Vincente Navarro-Hernandez with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. On September 2, 2004, petitioner Navarro-Hernandez appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the indictment. On this same date, Chief Judge Zoss filed a Report and Recommendation in which he recommended that petitioner Navarro-Hernandez's guilty plea be accepted. No objections to Chief Judge Zoss's Report and Recommendation were filed. The court accepted petitioner Navarro-Hernandez's plea in this case on October 4, 2004. The Presentence Investigation Report (PSIR) attributed 2272.7 grams of methamphetamine mixture, 178.30 grams of methamphetamine actual, 430.3 grams of cocaine, and 4,181.1 grams of marijuana to petitioner Navarro-Hernandez, resulting in a combined drug weight of 2,723.89 kilograms of marijuana. The PSIR also assessed petitioner Navarro-Hernandez with having a criminal history of three points. Prior to the sentencing, petitioner Navarro-Hernandez did not file any objections to the draft of the PSIR with respect to the quantity of drugs attributed to him or his criminal history assessment. Consequently, in accord with the calculations computed by the final PSIR, the court determined that petitioner Navarro-Hernandez's total offense level was 29 and that he had a criminal history category of II, which resulted in a sentencing range of 87-108 months. However, because of the statutory mandatory minimum sentence, petitioner Navarro-Hernandez was subject to a minimum term of imprisonment of 120 months. The court sentenced petitioner Navarro-Hernandez to the mandatory minimum sentence of 120 months imprisonment.

Petitioner Navarro-Hernandez did not appeal his conviction. Rather, petitioner

Navarro-Hernandez filed his current pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his motion, Navarro-Hernandez asserts ineffective assistance of counsel due to his attorney's failure to file a notice of appeal when so instructed by petitioner Navarro-Hernandez. Petitioner Navarro-Hernandez averred that, immediately after imposition of his sentence, he indicated to his counsel, Patrick Parry, that he wished to file an appeal. Petitioner Navarro-Hernandez also asserts in his motion that his counsel was ineffective in failing to argue for the applicability of safety-valve relief, pursuant to 18 U.S.C. § 3553(f), at the time of his sentencing. In addition to his requested relief, petitioner Navarro-Hernandez requested the appointment of counsel to assist him. That request was granted and counsel was appointed to represent petitioner Navarro-Hernandez concerning his motion. Petitioner Navarro-Hernandez's counsel subsequently requested an evidentiary hearing, but only as to his claim of ineffective assistance of counsel due to the prior attorney's failure to file a notice of appeal.[1]

The government filed a timely resistance to petitioner Navarro-Hernandez's motion. Specifically, the government contested petitioner Navarro-Hernandez's assertion that he

---

[1] Petitioner Navarro-Hernandez concedes in his brief that he was ineligible for the safety-valve relief because he does not meet the first prerequisite for applicability of the safety valve provision, that he not have more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1); *see also United States v. Carrillo-Beltran*, 424 F.3d 845, 847 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1384 (8th Cir. 2006); *United States v. Martinez-Cortez*, 354 F.3d 830, 831-32 (8th Cir. 2004); *United States v. Langmade*, 236 F.3d 931, 931-32 (8th Cir. 2001); *United States v. Webb*, 218 F.3d 877, 881 (8th Cir. 2000), *cert. denied*, 121 S. Ct. 893 (2001); *United States v. Black*, 149 Fed. Appx. 547, 2005 WL 2293471, at *1 (8th Cir. Sept. 21, 2005). He does not contest the fact that he was properly assessed with having a criminal history of three points, two of which were assigned for committing the instant offense while on probation, *see* U.S.S.G. § 4A1.1(d), thereby making him ineligible for safety-valve relief.

3

had requested his counsel to file an appeal. The government represented, in the form of an affidavit from Patrick Parry, that Parry advised petitioner Navarro-Hernandez of his right to appeal but that at no time did petitioner Navarro-Hernandez request that Parry file a notice of appeal on his behalf.

Because the record in this case was inconclusive regarding whether petitioner Navarro-Hernandez instructed his counsel to file an appeal, an evidentiary hearing was held on April 12, 2007. *See Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992) (stating that if the record is inconclusive regarding whether the defendant instructed his counsel to file an appeal, the court would be compelled to remand back to the district court for an evidentiary hearing on the issue); *see also Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) (same). At the evidentiary hearing, petitioner Navarro-Hernandez was represented by Rockne O. Cole, Iowa City, Iowa. The government was represented by Assistant United States Attorney Jack Lammers. At the hearing, petitioner Navarro-Hernandez testified on his own behalf. The government offered the testimony of Patrick T. Parry. As the issue is now fully submitted, the court will consider the merits of petitioner Navarro-Hernandez's claim of ineffective assistance of counsel after considering the standards applicable to his § 2255 motion.

## B. Findings of Fact

On January 13, 2005, petitioner Navarro-Hernandez was sentenced to 120 months imprisonment, the mandatory minimum sentence for the charged offense. Petitioner Navarro-Hernandez was represented at his sentencing by Patrick T. Parry. Prior to the date of petitioner Navarro-Hernandez's sentencing, Parry reviewed, with the aid of an interpreter, a draft of petitioner Navarro-Hernandez's presentence investigative report ("PSIR") with petitioner Navarro-Hernandez. Parry specifically discussed with petitioner

4

Navarro-Hernandez the fact that he did not qualify for safety-valve relief, pursuant to 18 U.S.C. § 3553(f) because he had a criminal history greater than one.[2]   Parry also discussed with petitioner Navarro-Hernandez the fact that he faced a mandatory minimum sentence of 120 months imprisonment unless the government filed substantial assistance motions under U.S.S.G. §§ 5K1.1 and 3553(e) on his behalf, allowing the court to sentence him below the statutory mandatory minimum of 120 months in prison.   Parry noted in his review with petitioner Navarro-Hernandez that there was a good chance that no substantial assistance motion would be filed on his behalf because he had not testified at a trial or before a grand jury.   Parry also informed him that he could not force the government to file substantial assistance motions on his behalf.

After discussing these sentencing possibilities with petitioner Navarro-Hernandez, Parry discussed with petitioner Navarro-Hernandez what he would need to do if he wished to appeal his sentence.   Parry specifically advised petitioner Navarro-Hernandez that if he wished to appeal, he would need to let Parry know right away following his sentencing. Parry also advised petitioner Navarro-Hernandez that if the government did not file a substantial assistance motion on his behalf that he had no viable grounds of appeal.

Shortly before petitioner Navarro-Hernandez's sentencing, Parry learned from the government that it would not be filing any substantial assistance motions on petitioner Navarro-Hernandez's behalf.   Parry informed petitioner Navarro-Hernandez prior to his sentencing that the government would not be filing any substantial assistance motions on his behalf.

Following petitioner Navarro-Hernandez's sentencing, Parry spent a few moments

---

[2]The first prerequisite for the "safety valve" provision is that the defendant not have more than one criminal history point.  *See* 18 U.S.C. § 3553(f)(1).

5

with petitioner Navarro-Hernandez and inquired, through the aid of an interpreter, whether petitioner Navarro-Hernandez understood his sentencing. It was Parry's understanding that petitioner Navarro-Hernandez understood the sentence. Petitioner Navarro-Hernandez did not request that Parry file an appeal on his behalf during their brief post-sentencing discussion.

Following petitioner Navarro-Hernandez's sentencing, Parry did not take any telephone calls or receive any correspondence from petitioner Navarro-Hernandez himself or anyone on his behalf requesting that Parry file a notice of appeal. Indeed, Parry did not hear from petitioner Navarro-Hernandez again until nine or ten months later when he received a letter from petitioner Navarro-Hernandez in which petitioner Navarro-Hernandez requested a copy of his file.

## II.  LEGAL ANALYSIS

### A.  Standards For Relief Pursuant To § 2255

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to

6

afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (further explaining the movant must show that

Case 5:06-cv-04003-MWB   Document 28   Filed 04/23/07   Page 7 of 13

there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981)). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir.) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

## B. Ineffective Assistance Of Counsel

Petitioner Navarro-Hernandez argues that his sentence should be vacated and he should be permitted to file an out-of-time-appeal from his sentence on the ground that his counsel was constitutionally ineffective. Specifically, he contends that his counsel was ineffective in failing to file a notice of appeal on his behalf.

8

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Navarro-Hernandez is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claim.

Navarro-Hernandez's argument is premised upon his counsel's alleged failure to file a direct appeal in opposition to his stated intentions. Persons convicted of crimes in federal district court have a right to direct appeal. *Evitts*, 469 U.S. at 396. To establish ineffective assistance of counsel, the general law is well-established: "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th

9

Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]"). However, in situations where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. *See Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (quoting *Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir. 1981)); *see also Holloway*, 960 F.2d at 1356-57 (same); *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989) ("This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255."); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the *Strickland v. Washington*, standard for determining ineffective assistance of counsel." (citation omitted)). Such a failure is considered to be prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway*, 960 F.2d at 1357. Thus, if in fact Navarro-Hernandez instructed his counsel to file an appeal, this case would be controlled by *Hollis v. United States* and *Holloway v. United States*, and this court would be compelled to hold that the failure of Navarro-Hernandez's counsel to file a notice of appeal constitutes ineffective assistance of counsel. Taking into consideration all of the evidence introduced at the evidentiary hearing, the court concludes that petitioner Navarro-Hernandez did not instruct his counsel to file an appeal on his behalf. The court notes that

10

while petitioner Navarro-Hernandez averred in his affidavit in support of his § 2255 motion that he personally requested attorney Parry to file a notice of appeal at the conclusion of his sentencing and that Parry told him that he would do so, his testimony at the evidentiary hearing was considerably different. At the evidentiary hearing, he testified that following his sentencing, he attempted to reach Parry by telephone to tell him that he wished to file a notice of appeal but Parry would not accept his telephone calls. Petitioner Navarro-Hernandez also testified at the evidentiary hearing that his girlfriend, at the time of his sentencing, made attempts to communicate with Parry that petitioner Navarro-Hernandez wanted Parry to file a notice of appeal on his behalf and ultimately was successful in her efforts to speak with Parry. On this point, the court found attorney Parry was an extremely credible witness who testified that, at the time of sentencing, petitioner Navarro-Hernandez never requested that he file a notice of appeal on his behalf. Parry indicated he and petitioner Navarro-Hernandez discussed at length his right to appeal, but that, following petitioner Navarro-Hernandez's sentencing, petitioner Navarro-Hernandez never represented he wished to appeal his sentence. This court, having observed both witnesses and heard their corresponding testimony, believes Parry's statements and adopts his version of events as its findings of fact. First, the court notes that petitioner Navarro-Hernandez's testimony at the evidentiary hearing was drastically different from that which he averred to in his affidavit in support of his § 2255 motion. Moreover, the court notes that while petitioner Navarro-Hernandez testified that his former girlfriend was able to tell Parry that petitioner Navarro-Hernandez wished for Parry to file a notice of appeal on his behalf, he did not produce her or anyone else to substantiate her alleged hearsay account. Accordingly, this court concludes that petitioner Navarro-Hernandez did not instruct his

Case 5:06-cv-04003-MWB   Document 28   Filed 04/23/07   Page 11 of 13

counsel to file an appeal.[3] Because petitioner Navarro-Hernandez's motion is based solely on this claim of ineffective assistance of counsel, petitioner Navarro-Hernandez's motion is denied.

### C. Certificate Of Appealability

Petitioner Navarro-Hernandez must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that petitioner Navarro-Hernandez's petition does not present questions of substance for appellate review, and

---

[3] Although the court recognizes that petitioner Navarro-Hernandez is not required to show that a direct appeal would have been successful or even to suggest what issues he may have presented on appeal, see *Holloway*, 960 F.2d at 1357, the court notes that neither petitioner Navarro-Hernandez's defense counsel, petitioner Navarro-Hernandez's § 2255 counsel, petitioner Navarro-Hernandez himself, or the court have been able to identify a single viable issue upon which to appeal.

12

therefore, does not make the requisite showing to satisfy § 2253(c).  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P.  22(b).  With respect to petitioner Navarro-Hernandez's claim, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III.  CONCLUSION

Petitioner Navarro-Hernandez's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**.  Moreover, the court determines that the petition does not present questions of substance for appellate review.  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 23rd day of April, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA